IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1502-M-BM

| | | |
|---|---|---|
| DAVID L. SPENCER<br><br>Plaintiff,<br><br>v.<br><br>LUMBEE RIVER ELECTRIC MEMBERSHIP CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the court on the motion by defendant Lumbee River Electric Membership Corporation ("defendant" or "LREMC") to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint [DE-1] of *pro se* plaintiff David L. Spencer ("plaintiff"). [DE-6]. Defendant filed a memorandum in support of its motion [DE-7]. Plaintiff filed his corrected response in opposition (the "corrected response in opposition") [DE-13]. This motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, it is recommended that defendant's motion to dismiss [DE-6] be denied as moot without prejudice and that plaintiff be provided leave to file an amended complaint.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC")[1] and received a right to sue letter on June 18, 2025 [DE-1-2]. *See* [DE-1]. On September 5, 2025, *pro se* plaintiff filed a complaint [DE-1] against defendant. On November 19, 2025, defendant filed the instant motion to dismiss [DE-6] with a supporting memorandum

[1] The EEOC Charge of Discrimination is dated November 19, 2024. [DE-1] at 5.

[DE-7]. Plaintiff filed a response in opposition [DE-12] on December 1, 2025, and a corrected response in opposition [DE-13], which includes a motion to amend (*id.* at 1), on December 8, 2025.[2]

## B. Plaintiff's Complaint

### 1. Factual allegations

Plaintiff alleges that on May 16, 2024, he engaged in a protected activity under Title VII by "reporting harassing conduct by his supervisor, Ruby Clark Quick [("Ms. Quick" or "supervisor")], to both the President and CEO, and the Vice President of Human Resources at LREMC." [DE-1-1] ¶ 1. Plaintiff provides that "[t]his report and the formal grievance that followed, constitute activities protected under federal law." *Id.*

Plaintiff further alleges that following the reported activity, he was "subjected to retaliatory behavior, including a hostile work environment, a questionable internal investigation based on an anonymous complaint, and ultimately, termination on September 9, 2024." *Id.* ¶ 2. Plaintiff states that he was the "only Black male and the only individual terminated in connection with the events described." And "[i]n contrast, his supervisor, who had multiple complaints filed against her-remained employed[, which allegedly] indicates racially motivated disparate treatment in violation of Title VII." *Id.* ¶ 4.

Plaintiff provides that "LREMC failed to remove him from the supervision of Ms. Quick, failed to prevent further retaliation, and failed to provide transparency regarding the complaints against him" and that "[t]hese omissions reflect negligent oversight and tacit approval of retaliatory conduct." *Id.* ¶ 5.

---

[2] As the two responses appear to represent different iterations of the same document, the undersigned construes plaintiff's intent to be that the second version of his response [DE-13] supersede the first version of his response [DE-12] and so only considers the second version of the response herein.

### 2. Claims

Plaintiff brings claims against defendant for: (1) discriminatory termination of employment based on plaintiff's race and gender/sex; and (2) retaliation for engaging in protected activity of filing a formal complaint of harassment against a supervisor. *Id.* at 4-5; [DE-1-1] at 1.

### 3. Jurisdiction

Plaintiff asserts that this court has jurisdiction over his claims pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17. *Id.* at 3.

### 4. Relief requested

Plaintiff seeks the following relief: (i) "injunctive relief & neutral job reference"; and (ii) "any other relief the court deems just & proper." *Id.* at 6.

## II. APPLICABLE LAW

### A. Dismissal under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim entitling [them] to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id*.; *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (quoting *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015))), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards*, 178 F.3d at 244. Yet bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-81. Finally, complaints filed by *pro se* plaintiffs are entitled to liberal construction. *Kerr v. Marshall Univ. Bd. of Governors,* 824 F.3d 62, 72 (4th Cir. 2016) ("We are mindful of our obligation to liberally construe a *pro se* complaint."); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989) ("*Pro se* complaints are to be read liberally").

**B. Amendment under Rule 15**

Rule 15 provides that a party may amend its pleading as a matter of course "if the pleading

is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). After that period, each opposing party's written consent or the court's leave is needed to amend. *Id.*(a)(2). Nonetheless, leave "should [be] freely [given] when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).

## III. DISCUSSION

Defendant first raises questions about whether plaintiff's complaint received input from an attorney ([DE-7] at 2-4) and then argues that plaintiff's complaint should be dismissed because: (i) "[p]laintiff fails to state a claim for retaliation in connection with his report of 'harassment' since he makes no allegation of ever reporting Civil Rights violations"; (ii) "[p]laintiff fails to state a claim for retaliation where plaintiff's timing allegation is insufficient to support an inference of causation"; (iii) "[p]laintiff's retaliation allegations will not support separate and distinct claims for race and sex discrimination"; and (iv) "[p]laintiff fails to establish any threshold showing that defendant terminated his employment based on his race or sex" (*id.* at 7-14).

Plaintiff counters that defendant's "[m]otion improperly asks the Court to weigh facts, ignore key allegations, draw inferences against the [p]laintiff, discount [p]laintiff's internal grievance and verbal complaint of discrimination, and disregard[s] direct Fourth Circuit authority." [DE-13] at 1. Plaintiff adds that "[a]t minimum, even if any portion of [p]laintiff's [c]omplaint is

found insufficiently pleaded, [p]laintiff respectfully requests leave to amend under Rule 15(a)(2)." *Id.*

**A. Ghostwriting and artificial intelligence**

As an initial matter, defendant claims that an attorney may have "ghost written" plaintiff's complaint and plaintiff should therefore not be accorded the leniency generally applied to *pro se* complaints. [DE-7] at 6. Defendant alleges that plaintiff was represented by an attorney in the course of his EEOC complaint. *Id.* at 16 (citing [DE-1-2] at 2). Defendant also argues that there is a difference between the writing style used in plaintiff's formal complaint of harassment and that used in plaintiff's complaint in this court. *Id.* at 16.

While it is possible that plaintiff had the assistance of an attorney, based on a review of plaintiff's filings, the undersigned finds it more likely that plaintiff used artificial intelligence or a similar large language model ("AI/LLM") in drafting the complaint. The undersigned specifically notes that plaintiff's corrected response in opposition to defendant's motion to dismiss [DE-13] includes correctly formatted, but erroneous quotations and citations, which other courts have noted as a hallmark of AI/LLM errors. *See, e.g.*, [DE-13] at 2 (citing *Laurent-Workman v. Wormuth*, 72 F.4th 733 (4th Cir. 2023), where *Laurent-Workman v. Wormuth* is not a 2023 case and does not appear at 72 F.4th 733, *cf. Laurent-Workman v. Wormuth*, 54 F.4th 201, 208 (4th Cir. 2022)); *see also Transamerica Life Ins. Co. v. Williams*, No. CV-24-00379-PHX-ROS, 2024 WL 4108005, at *2 (D. Ariz. Sept. 6, 2024) ("Defendant Williams' filings are replete with citations to nonexistent caselaw and legal authorities that do not correspond to her claims, suggesting that Defendant Williams may be using AI, such as ChatGPT, to draft her briefs, which is impermissible when fictitious legal authorities are cited."); *Lee v. Delta Air Lines, Inc.*, No. 20CV01705WFKLGD, 2024 WL 1230263, at *3 (E.D.N.Y. Mar. 22, 2024) ("[T]he Court maintains serious concern that

at least one of Plaintiff's cited cases is non-existent and may have been a hallucinated product of generative artificial intelligence").

As another court has noted, "[q]uite obviously, many harms flow from such deception—including wasting the opposing party's time and money, the [c]ourt's time and resources, and reputational harms to the legal system (to name a few)." *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023); *see also Dukuray v. Experian Info. Sols.*, No. 23 CIV. 9043 (AT) (GS), 2024 WL 3812259, at *11 (S.D.N.Y. July 26, 2024) ("An attempt to persuade a court or oppose an adversary by relying on 'non-existent precedent generated by ChatGPT' is an 'abuse of the adversary system.'") (quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)), *report and recommendation adopted*, No. 23 CIV. 9043 (AT), 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).

The undersigned further notes when an attorney or unrepresented party files a document with the court, he or she certifies, *inter alia*, that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" the document's "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "Although courts [may] 'make some allowances for [a] *pro se* [p]laintiff's failure to cite to proper legal authority,' courts do not make allowances for a [p]laintiff who cites to fake, nonexistent, misleading authorities." *Morgan*, 2023 WL 6976510, at *7 (quoting *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)).

In light of plaintiff's *pro se* status and possible lack of familiarity with the risks connected with certain legal tools, the undersigned styles this cautionary guidance as a warning, as opposed to a sanction. Yet this caution exhausts the court's leniency in this regard. Should the filings of

either party include citations to nonexistent cases in the future, it may result in "sanctions such as the pleading being stricken, filing restrictions imposed, or the case being dismissed." *See Morgan*, 2023 WL 6976510, at *8.

The undersigned has considered defendant's arguments with respect to plaintiff's filings, but RECOMMENDS that no further action be taken beyond the caution given above.

**B. Analysis of claims**

Plaintiff's complaint, liberally construed, is seeking to assert claims under Title VII for: (i) wrongful termination based on race and sex; (ii) hostile work environment based on race and sex in violation; (iii) retaliation in the form of an internal investigation and termination in violation. *See generally* [DE-1].

As noted above, plaintiff requests that "if any portion of [his] [c]omplaint is found insufficiently pleaded, [p]laintiff respectfully requests leave to amend under Rule 15(a)(2)." [DE-13] at 1. The court turns first to this request to amend in the interest of judicial efficiency. If permitted under applicable law, amendment of the complaint could conceivably eliminate or rectify purported claims challenged by defendants' dismissal motion. In light of that possibility, determination of the dismissal motion prior to such amendment would be an inefficient allocation of judicial resources.[3]

As noted above, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.*, 535 F.3d at 298 (citing *HCMF Corp.*, 238 F.3d at 276-77). The court finds no evidence that plaintiff's motion to

[3] The court has, of course, reviewed carefully the arguments of the parties and, as to defendant, the legal authorities advanced regarding the dismissal motion. It expresses no opinion on the merits of that motion. Its decision to begin its evaluation of the motions in this Memorandum and Recommendation with the motion to amend and ultimate determination to find the motion to dismiss moot at this point should not be interpreted otherwise.

amend was entered in bad faith or would be prejudicial.

Plaintiff's complaint ([DE-1, [DE-1-1]), as currently drafted, suffers from a lack of specificity. For example, it is unclear whether plaintiff is alleging his protected category for his Title VII claims is his race or a combination of his race and his gender. *Compare* [DE-1-1] at 1 (plaintiff alleging that he is "an African American male") with *id.* (alleging that defendant treated plaintiff "differently based on his race."). Plaintiff's allegations leave open whether there are other black employees who are female. Indeed, plaintiff does not clearly allege the race of his supervisor, Ms. Quick. *See generally id.*

It is also unclear what conduct plaintiff alleges was sufficiently severe or pervasive to alter his conditions of employment in support of his hostile work environment claim and whether such conduct was motivated by his protected characteristic(s). *Cf. Strothers v. City of Laurel*, 895 F.3d 317, 328 (4th Cir. 2018). Furthermore, as defendant points out, ([DE-7] at 7-8), it is unclear from plaintiff's complaint whether or not his complaints to his employer about harassment or other discrimination were based on his race or other protected characteristics.

The identified deficiencies in plaintiff's complaint may subject some, or all, of plaintiff's claims to dismissal. *Pro se* litigants have an "untutored hand requiring special judicial solicitude." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Therefore, *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties." *Id.* at 1278. Viewed through this lens, here, an amended complaint would not clearly be futile. The subject matter underlying plaintiff's complaint is not clearly frivolous, and plaintiff may be able to make allegations sufficient to support the claims he seeks to assert. Accordingly, the undersigned RECOMMENDS that plaintiff be provided leave to file an amended complaint, as further provided below.

Defendant alleges certain discrepancies between the complaint that was served upon it and the version filed in the docket of this case. *See* [DE-7] at 1 n. 1. The recommended leave to file an amended complaint will provide plaintiff with the opportunity to file one, operative complaint, as provided below. It is, therefore, RECOMMENDED that plaintiff's request to amend the complaint (*see* [DE-13] at 1) be allowed, as described below.

**IV. CONCLUSION**

For the reasons stated above, it is RECOMMENDED that the court enter an order providing as follows:

1. Plaintiff's request to amend the complaint (*see* [DE-13] at 1) is ALLOWED. Plaintiff is ADVISED that an "amended complaint supersedes a prior complaint and renders it of no legal effect." *Burnett v. United States*, No. 2:21CV565, 2022 WL 2651438, at *2 (E.D. Va. July 8, 2022) (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)). In other words, the amended complaint would become the operative complaint. Plaintiff's amended complaint should therefore clearly state, with specificity, (i) every claim plaintiff intends to assert against each defendant and (ii) clearly set forth all factual allegations upon which each asserted claim is based;
    a. Plaintiff shall have 21 days from the date of entry of this order in which to file an amended complaint;
    b. If plaintiff fails to file an amended complaint within 21 days from the date of entry of this order, the clerk of court is ordered to DISMISS the complaint WITH PREJUDICE;
2. Defendants' motion to dismiss [DE-6] is DENIED AS MOOT without prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until **September 1, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the **earlier of 14 days from the filing of the objections or September 11, 2026**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 24th day of August, 2026.

Brian S. Meyers
United States Magistrate Judge