IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-cv-01502-M-BM

| | | |
|---|---|---|
| DAVID L. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>LUMBEE RIVER ELECTRIC MEMBERSHIP CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on the Defendant's Rule 12(b)(6) Motion to Dismiss. DE 6. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers entered a memorandum and recommendation ("M&R"), recommending that the court grant Plaintiff leave to amend his complaint and deny Defendant's Motion to Dismiss as moot. DE 14. To date, no objections have been filed.[1]

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

[1] Judge Meyers issued the M&R on August 25, 2026. Objections were due to be filed on or before September 1, 2026, 2026. *See* DE 14. The motion and M&R were submitted to this court for disposition on September 8, 2026.

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein,

1. Plaintiff's request to amend the complaint (see [DE-13] at 1) is ALLOWED. Plaintiff is ADVISED that an "amended complaint supersedes a prior complaint and renders it of no legal effect." *Burnett v. United States*, No. 2:21CV565, 2022 WL 2651438, at *2 (E.D. Va. July 8, 2022) (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)). In other words, the amended complaint would become the operative complaint. Plaintiff's amended complaint should therefore clearly state, with specificity, (i) every claim plaintiff intends to assert against each defendant and (ii) clearly set forth all factual allegations upon which each asserted claim is based;
   a. Plaintiff shall have 21 days from the date of entry of this order in which to file an amended complaint;
   b. If Plaintiff fails to file an amended complaint within 21 days from the date of entry of this order, the clerk of court is ordered to DISMISS the complaint WITHOUT PREJUDICE;
2. Defendants' motion to dismiss [DE 6] is DENIED AS MOOT without prejudice.

Additionally, Judge Meyers noted concern with erroneous citations in Plaintiff's corrected response in opposition to Defendant's motion to dismiss [DE 13]. DE 14 at 6. For example, Judge Meyers identified a misattributed citation of *Laurent-Workman v. Wormuth*, 54 F.4th 201 (4th Cir. 2022). *Id.* On this basis, Judge Meyers determined that Plaintiff likely used artificial intelligence

to prepare court filings. *Id.* This court further reminds Plaintiff that under the federal rules, each document he presents to this court is treated as certifying that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). Parties are under an obligation to conduct a reasonable inquiry into the sources they cite. *See id.* Failing to follow this obligation can result in "sanctions such as the pleading being stricken, filing restrictions imposed, or the case being dismissed." *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023).

SO ORDERED this 9th day of September, 2026.

Richard E. Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE